IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

FLORIS BARTLETT,

      Plaintiff,

      vs.

Thomas Loftus, M.D.;
Jeffrey L. Chenoweth, M.D.;
Kevin Nagamani, M.D.;
Fabio J. Rodriguez, M.D.;
Jennifer Turner, M.D.;
Jimmie D. Coy, M.D.;
Frank Victor, M.D.;
Manu Bhattatiry, M.D.;
Thomas Atteberry, M.D.;
Stephen White, M.D.;
Bennett Greenspan, M.D.;

      Defendants.

## 02CV227649

Case No.

### PETITION FOR DAMAGES

COMES NOW the Plaintiff, Floris L. Bartlett, and alleges and states as follows:

1. That Floris L. Bartlett is a resident and citizen of the State of Missouri, with a true and correct mailing address of P.O. Box 133, Brookfield, Missouri 64628;

2. That Dr. Thomas Loftus was and is a physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and skilled physician, and may be served at his place of business of Kansas City Veterans Administration Medical Center, 4801 Linwood Blvd., Kansas City, Missouri 64128;

3. That Dr. Jeffrey L. Chenoweth was and is a

**EXHIBIT B**

physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and skilled physician, and may be served at his place of business of Kansas City Veterans Administration Medical Center, 4801 Linwood Blvd., Kansas City, Missouri 64128;

4.    That Dr. Kevin Nagamani was and is a physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and skilled physician, and may be served at his place of business, Kansas City Veterans Administration Medical Center, 4801 Linwood Blvd., Kansas City, Missouri 64128;

5.    That Dr. Fabio J. Rodriguez was and is a physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and skilled physician, and may be served at his place of business, Kansas City Veterans Administration Medical Center, 4801 Linwood Blvd., Kansas City, Missouri 64128;

6.    That Dr. Jennifer Turner, was and is a physician authorized to and practicing medicine in the State of Missouri, who represented herself to be a competent and skilled physician, and may be served at her place of business 5180 Louisville Court, Columbia, Missouri.

7.    That Dr. Jimmie D. Coy was and is a physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and

skilled physician, and may be served at his place of business, Kansas City Veterans Administration Medical Center, 4801 Linwood Blvd., Kansas City, Missouri 64128;

8.   That Dr. Frank Victor was and is a physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and skilled physician, and may be served at his place of business, Kansas City Veterans Administration Medical Center, 4801 Linwood Blvd., Kansas City, Missouri 64128;

9.   That Dr. Manu Bhattatiry was and is a physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and skilled physician, and may be served at his place of business of Kansas City Veterans Administration Medical Center, 4801 Linwood Blvd., Kansas City, Missouri 64128;

10.   That Dr. Thomas Atteberry was and is a physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and skilled physician, and may be served at his place of business of University of Kansas Department of Orthopedic Surgery, 3901 Rainbow Blvd., Kansas City, Kansas 66103;

11.   That Dr. Stephen White was and is a physician authorized to and practicing medicine in the State of Missouri, who represented himself to be a competent and skilled physician, and may be served at his place of

business of Kansas City Veterans Administration Medical

Center, 4801 Linwood Blvd., Kansas City, Missouri 64128;

12. That Dr. Bennett Greenspan was and is a physician

authorized to and practicing medicine in the State of

Missouri, who represented himself to be a competent and

skilled physician, and may be served at his place of

business of Harry S. Truman Memorial Veteran's Hospital, 800

Hospital, Columbia, Missouri 655201;

13. Plaintiff, Floris L. Bartlett was a patient at the

Harry S. Truman Memorial Veteran's Hospital beginning on

January 28, 2000. That at that time, Plaintiff contacted

Dr. Sarah Walker, a physician, regarding a painful area in

his spine and was evaluated and had x-rays performed;

14. Plaintiff then called Harry S. Truman Veteran's

Hospital on January 31, 2000, reporting continued sharp

pains. At that time an appointment was scheduled for

February 7, 2000, with Dr. Hillard;

15. The Plaintiff then on February 7, 2000, saw Dr.

Bennett Greenspan with rib cage pain with cough and pain

radiating in his spine. It was also noted that there was a

loss of height of T12 and L1. The Plaintiff was then

diagnosed with a grade 1 spondylolisthesis at L3-L4. X-rays

were taken and interpreted by Dr. Bennett Greenspan. There

were no degenerative changes seen on the thoracic spine at

that time;

16. On March 6, 2000, the Plaintiff called again and reported having difficulty walking and didn't have control of his feet or legs. An MRI was scheduled for March 6, 2000, at 11:00 a.m.

17. On March 7, 2000, Dr. Syed Abbas interpreted an MRI of Plaintiff's lumbar spine. It was determined that he had severe spinal stenosis at L3-L5;

18. That the Plaintiff, Floris L. Bartlett, continued to call the VA Medical Center through the month of March and April requesting neurosurgical consultation or additional care. That he continued to deteriorate to the point where he was unable to walk on April 3, 2000;

19. On April 27, 2000, the Plaintiff saw Dr. Thomas Loftus. He reported low back pain for one and a half years, but bilateral leg pain for three months. Further, he reported on April 27, 2000, the loss of bowel and bladder control with urgency. At that time Dr. Thomas Loftus indicated that he should have physical therapy for strengthening and possible later surgical evaluation;

20. That the Plaintiff continued occupational/physical therapy through the balance of the summer of year 2000. At that time, he continued to report numbness, loss of strength, inability to walk, and continued and worsening problems from his legs and feet. Mr. Bartlett was further evaluated for pain management by his co-management team;

Case 4:03-cv-00063-GAF    Document 1-3    Filed 01/24/03    Page 5 of 14

21. On October 6, 2000, the Plaintiff, Floris L. Bartlett, was evaluated at Harry S. Truman Veterans Hospital with an MRI. The MRI was read and verified by Jeffrey L. Chenoweth. The findings were grade 1 spondylolisthesis with severe spinal stenosis;

22. On November 1, 2000, the Plaintiff was then evaluated by Dr. Kevin K. Nagamani at Kansas City Orthopedics. The purpose of the evaluation was to determine if there was surgical assistance for his continued symptomatology.         .  .

23. On November 7, 2000, there was a report on a CT and Myelogram of the lumbar spine verified by Defendant Jimmie Coy, the Medical Director of Radiology of Kansas City. Again, there was diagnosis of spinal canal stenosis with bulging of the facet hypertrophy seen at L3-L4 and L4-L5, but no evidence of a herniated disc.

24. On December 7, 2000, Dr. Frank Victor further evaluated the Plaintiff, Floris L. Bartlett, with a lumbar puncture. At that time, there was an impression of a complete obstruction to the canal flow at L3-L4 with thinning of the right side at 2-3 representing some disc bulging, but not well defined. Further, on December 7, 2000, Dr. Frank Victor identified degenerative spine disease from a spine lumbar sacral four view radiology report.

25. On December 26, 2000, the Plaintiff, Floris L.

Bartlett, visited the Kansas City Orthopedics and saw Dr. Darin L. Talley for evaluation for surgical decompression of L3-L5. The Plaintiff then was operated on in April 19, 2001. There was decompression of the spinal stenosis. After the decompression was performed, the weakness continued.

26. On September 4, 2001, the Plaintiff, Mr. Bartlett, at the Howard Rusk Rehabilitation Center was admitted with lower extremity weakness of unknown etiology, post L3-L4, L4-L5 decompression laminectomy secondary to stenosis. At that time, there was finally a radiographic study done on Mr. Bartlett and it was determined that he had a T9-T10 intradural extramedullary mass, most likely meningioma. As a result, there was a surgery performed with an excision of a benign tumor at the spinal canal of Plaintiff. It was the benign tumor all along that was causing his problems.

27. That with the excision of the benign tumor, Mr. Bartlett, has regained some functionality.

28. However, despite the post-tumor revision, Mr. Bartlett still has permanent disability and loss of function as a result of the prolonged compression upon the spinal cord.

29. Further, his treating physicians as stated above, specifically Dr. Jeffrey Chenoweth and Dr. Kevin Nagamani, as well as the medical providers listed above that saw

Plaintiff prior to October 6, 2000, should have ordered further diagnostic evaluation, such as CT Scans and/or MRI, which would have located and provided for the treatment of the benign tumor.

30. That the treating physicians listed above were negligent and failed to use that degree and skill and learning ordinarily used by members of their profession under the same or similar circumstances as set out herein.

<u>COUNT I - FAILURE TO DIAGNOSE</u>
<u>DEVIATION FROM STANDARD OF CARE</u>

31. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 30, above, as though fully set forth herein.

32. Further, his treating physicians as stated above, specifically Dr. Jeffrey Chenoweth and Dr. Kevin Nagamani, as well as the medical providers listed above that saw Plaintiff prior to October 6, 2000, should have ordered further diagnostic evaluation, such as CT Scans and/or MRI, which would have located and provided for the treatment of the benign tumor.

33. That the treating physicians listed above were negligent and failed to use that degree and skill and learning ordinarily used by members of their profession under the same or similar circumstances as set out herein.

34. The Plaintiff contends that the doctors, each and

every one of them, up until Dr. Brandenberg, failed to
diagnose the tumor which was present and causing his
problems of leg weakness and inability to walk.

36. That the failure to pursue the diagnosis of the
thoracic area to determine if there was a lesion or neoplasm
causing the deficit fell below acceptable standards of care
for radiologists, orthopedic surgeons and internists.

36. That the named Defendants, each and every one of
them, had a clear and present opportunity to make the
diagnosis that would have prevented permanent and
progressive damage to the Plaintiff, Floris L. Bartlett. By
each health care providers' failure to pursue the
diagnosis, to recognize the signs of tumor, and to make an
appropriate and adequate diagnosis in a timely fashion,
Plaintiff was caused to have pain and suffering, as well as
permanent injury resulting therefrom.

37. That Plaintiff had been under the continuous
treatment doctrine as recognized in the State of Missouri up
until September 2001, which is first time he could have
found out about the misdiagnosis. That as a result of the
continuous treatment doctrine the statute of limitation of
this matter should not run until two years from the date
that he first knew or could have known of the fact of
injury;

38. That a claim has been made on Form 95 filed upon

the United States of America through the Kansas City

Veteran's Hospital at 4601 Linwood Blvd., Kansas City,

Missouri, and the office of counsel at 4801 Linwood Blvd.,

Kansas City, Missouri, for any claims that would arise

against Columbia Veteran's Association and/or Kansas City

Veteran's Hospital.

39.   That the Plaintiff has been caused to sustain

pain, suffering, and disability, which are progressive and

permanent in nature.  Further, the Plaintiff has been caused

to sustain hospital and medical bills as well as the

potential for future hospital and medical bills.  All of

these matters are indeterminate at this time, but will be

shown with specificity at the time of trial.  Further, the

Plaintiff has been caused to sustain a loss of time, loss of

income, as well as future loss of time and income, all of

which are now of an indeterminate amount, but which will be

shown specifically at the time of trial.  Finally, Plaintiff

has been caused to suffer losses of opportunity and loss of

future opportunities because of such actions of the

Defendants.

40.   As a result of Defendants' negligence, Plaintiff

has been caused to suffer damages in an amount in excess of

$1,500,000.00.

WHEREFORE, by reason of the above and foregoing,

Plaintiff prays for judgment against the Defendants for

negligence in the diagnosis, care and treatment of Plaintiff in a timely fashion to prevent him further injury, including the care and treatment all of which were a deviation from the standard of care and constitute negligence. For such negligence that caused the injury to Plaintiff, he requests an amount in excess of $1,500,000.00, together with his costs and other such relief as the Court deems just and equitable.

COUNT II – FAILURE TO TREAT
DEPARTURE FROM STANDARD OF CARE

41. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 40, above, as though fully set forth herein.

42. The Plaintiff contends that the doctors, each and every one of them, up until Dr. Brandenberg, failed to diagnose and to treat the tumor which was present and causing his problems of leg weakness and inability to walk.

43. That the failure to pursue the diagnosis and treatment of the thoracic area to determine if there was a lesion or neoplasm causing the deficit fell below acceptable standards of care for radiologists, orthopedic surgeons and internists.

44. That the named Defendants, each and every one of them, had a clear and present opportunity to make the diagnosis and prescribe treatment that would have prevented

Case 4:03-cv-00063-GAF Document 1-3 Filed 01/24/03 Page 11 of 14

permanent and progressive damage to the Plaintiff, Floris L. Bartlett. By each health care providers' failure to pursue the diagnosis, to recognize the signs of tumor, and to make an appropriate and adequate diagnosis and treatment in a timely fashion, Plaintiff was caused to have pain and suffering, as well as permanent injury resulting therefrom.

45. That Plaintiff had been under the continuous treatment doctrine as recognized in the State of Missouri up until September 2001, which is first time he could have found out about the misdiagnosis. That as a result of the continuous treatment doctrine the statute of limitation of this matter should not run until two years from the date that he first knew or could have known of the fact of injury;

46. That a claim has been made on Form 95 filed upon the United States of America through the Kansas City Veteran's Hospital at 4801 Linwood Blvd., Kansas City, Missouri, and the office of counsel at 4801 Linwood Blvd., Kansas City, Missouri, for any claims that would arise against Columbia Veteran's Association and/or Kansas City Veteran's Hospital.

47. That the Plaintiff has been caused to sustain pain, suffering, and disability, which are progressive and permanent in nature. Further, the Plaintiff has been caused to sustain hospital and medical bills as well as the

potential for future hospital and medical bills. All of these matters are indeterminate at this time, but will be shown with specificity at the time of trial. Further, the Plaintiff has been caused to sustain a loss of time, loss of income, as well as future loss of time and income, all of which are now of an indeterminate amount, but which will be shown specifically at the time of trial. Finally, Plaintiff has been caused to suffer losses of opportunity and loss of future opportunities because of such actions of the Defendants.

48. As a result of Defendants' negligence, Plaintiff has been caused to suffer damages in an amount in excess of $1,500,000.00.

WHEREFORE, by reason of the above and foregoing, Plaintiff prays for judgment against the Defendants for negligence in the diagnosis, care and treatment of Plaintiff in a timely fashion to prevent him further injury, including the care and treatment all of which were a deviation from the standard of care and constitute negligence. For such negligence that caused the injury to Plaintiff, he requests an amount in excess of $1,500,000.00, together with his costs and other such relief as the Court deems just and equitable.

Phillip A. Burdick #46210
BURDICK LAW OFFICES

706 Felix St.
St. Joseph, MO 64501
(816) 232-3683
(816) 232-3884 [Fax]

And

Ronald P. Pope    #11913
RALSTON, POPE & DIEHL, L.L.C.
2913 SW Maupin Lane
Topeka KS   66614
(785) 273-8002
(785) 273-0744 [Fax]
ATTORNEYS FOR PLAINTIFF

## REQUEST FOR TRIAL BY JURY

COMES NOW the Plaintiff in the above-captioned matter

and respectfully requests the Court for a trial by jury.

Phillip A. Burdick #46210
Ronald P. Pope KS Bar #11913
ATTORNEYS FOR PLAINTIFF